IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**BERT TACKETT,**

    **Movant,**

v.                                          **Case No.: 2:23-cv-00303**
                                           **Case No. 2:21-cr-00097**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Movant Bert Tackett's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, (ECF No. 61),[1] and a motion to dismiss contained in the United States' Response. (ECF No. 71). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 71), be **GRANTED**; Tackett's § 2255 motion, (ECF No. 61), be **DENIED**; this matter be **DISMISSED**, with prejudice, and removed from the docket of the court. Given that the undersigned conclusively **FINDS** that Tackett is not entitled to the relief requested, an

---

[1] ECF Numbers come from the underlying criminal case, Case No. 2:21-cr-00097.

1

evidentiary hearing is not warranted. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

I.  **Relevant History**

Tackett pled guilty to possession with intent to distribute fentanyl and methamphetamine and was sentenced to 188 months' imprisonment by the United States District Court for the Southern District of West Virginia on November 3, 2021. (ECF No. 61 at 1). Tackett was sentenced as a career offender based on two prior convictions under West Virginia Code § 60A-4-401(a) for possession with intent to deliver a controlled substance. (ECF No. 71 at 6). Two months after Tackett was sentenced, the United States Court of Appeals for the Fourth Circuit decided *United States v. Campbell*, in which it held that a conviction for delivery of a controlled substance under West Virginia Code § 60A-4-401(a) was not a "controlled substance offense" under the United States Sentencing Guidelines (USSG). 22 F.4th 438 (2022). The Fourth Circuit explained that "attempt" crimes are not "controlled substance offenses" under the USSG; consequently, as § 60A-4-401(a) defined "delivery" to include both the actual or *attempted* delivery of a controlled substance, the defendant's conviction for delivery of a controlled substance did not qualify as a "controlled substance offense." *Id.*

Tackett filed a direct appeal, challenging his career offender designation and his sentence. (ECF No. 61 at 2). The Fourth Circuit dismissed his appeal on April 14, 2022, finding that the appeal was barred by the appeal waiver in Tackett's plea agreement. (ECF No. 55). Tackett then timely filed the instant § 2255 motion on March 29, 2023. (ECF No. 61 at 12). Tackett asserts five grounds for relief, all for ineffective assistance of counsel: Tackett claims that his trial counsel, Paul Stroebel, was ineffective by (1) failing to advise Tackett of his right to plead guilty without a plea agreement; (2) not understanding the

2

appeal waivers contained in the plea agreement; (3) not advising Tackett of the pending *Campbell* decision; (4) advising Tackett to sign an "illusory" plea agreement; and (5) failing to engage in plea negotiations. (ECF Nos. 61 at 4–8, 62 at 8–9). Tackett requests that his sentence be vacated and he be resentenced. (ECF No. 61 at 12).

      Tackett filed a memorandum of law and an affidavit alongside his motion. (ECF Nos. 62, 63). In the memorandum of law, Tackett expands on his claims, arguing that Stroebel was ineffective by directing Tackett to enter into a plea agreement which did not dismiss any charges, did not stipulate a favorable guideline range for sentencing, and did not convey any other benefit. (ECF No. 62 at 2). He asserts that Stroebel should have advised him to plead guilty without an agreement, in which case he would have "faced the exact same situation, except he would of [sic] maintained his full rights to appeal." (*Id.*). He claims that pleading guilty without an agreement "was actually a more favorable option than the plea agreement." (*Id.* at 4). Tackett contends that, had he pled guilty without an agreement, he would have been able to appeal his career offender status following the Fourth Circuit's decision in *United States v. Campbell.* (*Id.* at 6). Tackett also states that Stroebel failed to fully research the issue of his career offender status and implies that Stroebel should have prolonged the case to ensure he would be sentenced after *Campbell* was decided. (*See id.* at 8) ("[C]ounsel allowed the case to proceed to sentencing prior to the Campbell decision."). Tackett states that Stroebel "failed to fully explain the extent of the [appeal] waiver," (*id.* at 2), and suggests that Stroebel was unaware of the waiver given his attempt at sentencing to preserve the career offender issue in case the law changed in the future. (*Id.* at 8–9). Finally, Tackett claims that Stroebel was ineffective in plea negotiations as he "failed to negotiate at all." (*Id.* at 6). Tackett attached to his memorandum of law a page from his Sentencing Memorandum,

3

(ECF No. 62-1 at 2), and the page of his plea agreement which waived his right to appeal and collaterally attack his conviction or sentence on any grounds other than ineffective assistance of counsel. (ECF No. 62-1 at 3). In the affidavit he filed, Tackett relays various conversations he had with Stroebel during the plea negotiation process and states that, had he been informed of his right to plead guilty without an agreement, he would have done so. (ECF No. 63).

On April 5, 2023, the undersigned entered an Order that Respondent answer Tackett's § 2255 motion. (ECF No. 67). Respondent filed a motion for an order directing Stroebel to provide information concerning Tackett's claims of ineffective assistance of counsel. The motion was granted, and Stroebel filed an affidavit on June 1, 2023. (ECF Nos. 68, 69, 70). Respondent filed its Response in Opposition to Tackett's § 2255 Motion on July 14, 2023. (ECF No. 71).

In the opposition memorandum, Respondent argues that Tackett has failed to establish either element of ineffective assistance of counsel, because Tackett was not prejudiced by any alleged errors, and Stroebel's performance was constitutionally adequate. (ECF No. 71 at 8). Respondent notes that Tackett's chief complaint is that he lost his right to appeal to challenge his sentence based on *Campbell*: "Movant believes that had Mr. Stroebel been aware of *Campbell's* pendency during Movant's guilty plea and sentencing, Movant somehow, someway would have managed to preserve his appellate rights." (*Id.*). However, Respondent argues that Stroebel's decisions must be evaluated without the distorting effects of hindsight. (*Id.*). Respondent claims that Tackett's plea agreement was "extremely advantageous," as it avoided "drastically increased exposure." (*Id.*). Further, the decision in *Campbell* did not affect Tackett's career offender designation, and it would not afford Tackett a lesser sentence if he were resentenced

4

today. (*Id.*). Respondent also filed a full copy of Tackett's plea agreement, (ECF No. 71-1), a transcript of Tackett's plea hearing, (ECF No. 71-2), a transcript of Tackett's sentencing hearing, (ECF No. 71-3), the defense's sentencing memorandum, (ECF No. 71-4), and various court filings for Tackett's two prior state convictions for possession with intent to deliver a controlled substance. (ECF Nos. 71-5, 71-6). Although given an opportunity to file a reply memorandum, (ECF Nos. 69, 72), Tackett chose not to do so.

## II. <u>Standard of Review</u>

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States, the court imposing the sentence lacked jurisdiction, the sentence exceeded the maximum authorized by law, or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence." *Merritt v. United States*, 499 F. Supp. 3d 249, 254 (E.D. Va. 2020) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery and direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a).

The decision of whether to conduct an evidentiary hearing is generally left to the sound discretion of the district court, although there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970); *see also United States v. Hall*, 771 F. App'x 226, 227 (4th Cir. 2019); *United States v. Runyon*, 994 F.3d 192, 208 (4th Cir. 2021); *United States v. Velascu*, 429 F. App'x. 236, 237 (4th Cir. 2011). This is particularly true when "competing sworn statements offer differing factual allegations that 'relate primarily to purported occurrences outside of the courtroom and upon which the record could, therefore, cast no real light.'" *United States v. Underwood*, No. 20-6782, 2022 WL 186054, at *1, n.2 (4th Cir., Jan. 20, 2022) (quoting *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004)). Nonetheless, the mere presence of conflicting affidavits does not automatically require an evidentiary hearing. When the motions, files, and records in the case conclusively show that the movant is not entitled to relief, the court may deny the § 2255 motion without an evidentiary hearing. *Raines*, 423 F.2d at 529. Furthermore, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

### III.   Discussion

The Sixth Amendment to the United States Constitution guarantees every criminal defendant "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 680 (1984). Where a defendant alleges ineffective assistance of counsel as a ground for relief, the defendant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Under *Strickland*, the test for ineffective assistance of

6

counsel has two prongs: a criminal defendant must show that his counsel's performance was deficient, and that this deficiency prejudiced his defense. *Id.* at 687. The burden rests on the defendant to satisfy both prongs, and "a failure of proof on either prong ends the matter." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 1994).

To establish deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance … [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under *Strickland* is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

To demonstrate prejudice, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed … by the Sixth Amendment." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 687). It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland*, 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Further, the defendant must show that the result of the proceeding was fundamentally unfair or unreliable. *Sexton v. French*, 163

7

F.3d 874, 882 (4th Cir. 1998), *citing Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

When a criminal defendant has entered a guilty plea, the analysis on collateral review focuses heavily on the Rule 11 colloquy, because by entering a guilty plea, the defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Id*. Statements made during a hearing to accept a guilty plea are afforded a strong presumption of veracity and subsequent attacks that contradict these statements may generally be dismissed as frivolous. *U.S. v. Lemaster*, 403 F.3d 216, 221-222 (4th Cir. 2005). As the Fourth Circuit explained:

> [A] defendant's solemn declarations in open court ... carry a strong presumption of verity ... because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. ... Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*Id*. As a result, a criminal defendant is precluded from raising alleged constitutional deprivations that occurred prior to pleading guilty and "may only attack the voluntary and intelligent character of the guilty plea" by demonstrating that his counsel's performance was inadequate under the Sixth Amendment. *Tollett*, 411 U.S. at 267; *see also Fields v. Attorney General of State of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992) ("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea.").

When an ineffective assistance claim challenges the voluntariness of the guilty plea, the movant typically must prove prejudice under *Strickland* by demonstrating that

8

"there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Tackett does not claim that he would have gone to trial; rather, he states that he would have pled guilty without a plea agreement—referred to hereafter as an "open plea." (ECF No. 62 at 2). In cases like Tackett's, where the movant asserts he would have entered an open plea, this Court has adopted a modified prejudice standard based on the Supreme Court's decision in *Missouri v. Frye,* 132 S. Ct. 1399 (2012), which addressed ineffective assistance in plea negotiations. Under this modified prejudice standard, the movant must show by a reasonable probability that, but for the alleged errors of counsel, (1) he would have entered an open plea to the indictment, (2) the plea would have been accepted by the court, and (3) the end result would have been more favorable by reason of a sentence of less prison time. *Terry v. United States*, No. 2:11-CR-00037, 2015 WL 5786804, at *4 (S.D.W. Va. Sept. 30, 2015).

### A. *Effect of United States v. Campbell*

Most of the errors Tackett assigns to his trial counsel rely on the Fourth Circuit's decision in *Campbell*. (*See generally* ECF Nos. 62, 63). Tackett argues that, had he been properly advised of the pending case in *Campbell*, the nature of his plea agreement and its waivers, and his option to plead guilty without an agreement, he would have rejected the government's plea offer and instead pled guilty to the indictment without a plea agreement. (ECF No. 63 at 1). Tackett believes this course of action would have permitted him to successfully appeal his career offender status following the decision in *Campbell*. (ECF Nos. 62 at 6, 63 at 2). However, Tackett misunderstands the breadth of the *Campbell* decision. Contrary to Tackett's belief, *Campbell* did not hold that every conviction under § 60A-4-401(a) failed to qualify as a predicate controlled substance

9

offense under the career offender guideline. Rather, the Fourth Circuit held that a certain subset of convictions under that statute—convictions for delivery of a controlled substance—could not qualify as predicate controlled substance offenses, because the statute made no distinction between delivery and attempted delivery. *See Campbell*, 22 F.4th at 442 ("[T]he question is whether U.S.S.G. § 4B1.2(b)'s definition of 'controlled substance offense' includes an attempt to deliver a controlled substance.").

The primary legal question resolved in *Campbell* was whether the career offender sentencing guideline, U.S.S.G. § 4B1.2(b), included "attempt" crimes in its definition of "controlled substance offenses." 22 F.4th at 443. Ultimately, the Fourth Circuit determined that it did not: attempt crimes are not "controlled substance offenses" and cannot serve as predicate offenses under the career offender guideline. *Id.* at 444. In applying that holding to Campbell's case, the court concluded that Campbell's predicate conviction for delivery of a controlled substance, under § 60A-4-401(a), could not qualify as a "controlled substance offense," because the least culpable conduct criminalized by the statute was only the *attempted* delivery of a controlled substance. *Id.* at 442. West Virginia Code § 60A-4-401(a) makes it unlawful for any person to "manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." W. Va. Code § 60A-4-401(a). The West Virginia Controlled Substances Act defines "delivery" of a controlled substance as "the actual, constructive, or *attempted* transfer" of controlled substances. W. Va. Code § 60A-1-101(h) (emphasis added). Thus, any person convicted of delivering a controlled substance under § 60A-4-401(a) may have only committed the act of attempting to deliver a controlled substance. *Campbell,* 22 F.4th at 441–442. Therefore, Campbell's prior conviction for delivery of a controlled substance, which could

10

have represented merely an attempt at delivery,[2] did not qualify as a "controlled substance offense." *Id.* at 449.

Although Tackett's predicate state convictions fall under the same statute, his convictions could not have encompassed attempt crimes, so the convictions remain "controlled substance offenses" even after *Campbell*. Tackett's two predicate convictions were for possession with intent to deliver a controlled substance. Unlike the statute's treatment of "delivery," there is no statutory definition of "possession" which includes "attempted possession."[3] *See* W. Va. Code § 60A-1-101. The only way "possession with intent to deliver" would comprise an attempt crime is if the statute's definition of "delivery" could turn "possession with intent to deliver" into "possession with intent to attempt to deliver." *See United States v. McClain,* 810 F. App'x 404, 409 (6th Cir. 2020) (considering whether a similar Tennessee statute prohibiting possession with intent to deliver also contained an attempt crime, possession with intent to attempt to deliver). However, as Respondent explains, there is no attempt crime for "possession with intent to attempt to deliver," because, under West Virginia law, an attempt crime requires the specific intent to commit the substantive offense and an overt act towards commission of that crime. (ECF No. 71 at 12); *State v. Minigh*, 224 W. Va. 112, 121 (2009). "A person,

---

[2] The *Campbell* decision directly conflicts with a prior published Fourth Circuit opinion in one key respect. In *Campbell,* the Fourth Circuit applied the categorical approach in determining whether Campbell's prior crime qualified as a controlled substance offense—looking only to the elements of the crime as defined in the statute. 22 F.4th at 441. However, in *United States v. Dozier,* decided five years before *Campbell,* another panel of the Fourth Circuit specifically held that convictions under this statute, § 60A-4-401, should be analyzed under the modified categorical approach. 848 F.3d 180, 187 (4th Cir. 2017). Because *Dozier* was decided first and has not been overruled, convictions under § 60A-4-401(a) must be analyzed under the modified categorical approach. *See McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (explaining that one panel of the Fourth Circuit cannot overrule another).

[3] The act of attempted possession with intent to deliver is criminalized, not under W. Va. Code § 60A-4-401(a), but under § 61-11-8, West Virginia's general criminal attempt statute. *See State v. Finley*, No. 22-0023, 2023 WL 6804936, at *8 n.3 (W. Va. Oct. 16, 2023) (discussing appellant's conviction for attempt to commit possession with intent to deliver methamphetamine under § 60-11-8).

therefore, cannot possess a controlled substance with intent to attempt to deliver—he must possess the controlled substance with intent to deliver." *United States v. Love*, 634 F. Supp.3d 273, 283 (S.D.W. Va. 2022). Therefore, the least culpable conduct criminalized by "possession with intent to deliver" under § 60A-4-401(a) is not an attempt crime, and *Campbell* does not alter the status of Tackett's convictions as "controlled substance offenses."

Tackett's two prior convictions for possession with intent to deliver remain "controlled substance offenses." The USSG defines "controlled substance offense" to include state offenses punishable by a term of imprisonment exceeding one year that prohibit the possession of a controlled substance with intent to distribute. USSG § 4B1.2(b). Because the statute under which Tackett was convicted contains both misdemeanor and felony offenses depending on the type of controlled substance, the modified categorical approach—consulting limited documents beyond the statute itself—is used to determine whether Tackett's convictions qualify as "controlled substance offenses." *See United States v. Dozier,* 848 F.3d 180, 187 (4th Cir. 2017) (applying the modified categorical approach to convictions under § 60A-4-401(a) to determine whether the prior conviction was a felony or misdemeanor). According to the state court judgments, Tackett was convicted of possession with intent to deliver cocaine and possession with intent to deliver methamphetamine. (ECF Nos. 71-6 at 17, 30). Both crimes carry a maximum term of imprisonment of more than one year, as methamphetamine and cocaine are Schedule II controlled substances. *See* W. Va. Code § 60A-4-401(a); 21 C.F.R. § 1308.12. Therefore, Tackett's convictions for possession with intent to deliver meet the definition of "controlled substance offenses." *See Love*, 634 F. Supp.3d at 283 (S.D.W. Va. 2022) (analyzing a nearly identical Pennsylvania law and

finding that the movant's Pennsylvania conviction for possession with intent to deliver remained a "controlled substance offense" after *Campbell*).

Tackett would not have received a more favorable sentence if he had entered an open plea and preserved his right to appeal, because his two predicate convictions for possession with intent to deliver qualify him as a career offender, even after the decision in *Campbell*. Because Tackett would still qualify as a career offender after *Campbell*, his ineffective assistance of counsel claims related to *Campbell* must fail. *See Law v. United States*, No. 1:10CR477, 2013 WL 589203, at *7 (E.D. Va. Feb. 12, 2013) (finding movant did not prove prejudice from counsel's alleged failure to advise him to enter an open plea, as movant could not show that preserving his right to appeal would have resulted in a different sentence). Therefore, the undersigned **FINDS** that Tackett's ineffective assistance claims related to *Campbell*—that he was not advised of the pending *Campbell* case, the extent of the appeal waiver, or his right to enter an open plea— fail under the prejudice prong of the *Strickland* test.

### B. *Negotiations and Substance of Plea Agreement*

Tackett raises two other interrelated ineffective assistance claims which are not tied to the impact of *Campbell*. Tackett claims that Stroebel "failed to negotiate at all" in plea negotiations, (ECF No. 62 at 6), and that the plea agreement was "illusory" and conferred "no actual or even possible benefit" on Tackett. (*Id.* at 5). Tackett specifically states that the agreement did not "prevent [sic] Tackett from further prosecution." (*Id.* at 5). To the extent these claims do not challenge the voluntariness of Tackett's plea, they are barred by his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). However, these claims also fail because Tackett is plainly mistaken. The plea agreement contained a termination of prosecution clause, which provided that Tackett could not be prosecuted

for the illegal drugs and firearms which were found in his home on the day of his arrest. (ECF Nos. 71 at 17, 71-1 at 3). This termination of prosecution clause was added to the agreement as a direct result of Stroebel's efforts in plea negotiations. (ECF Nos. 70 at 3, 71 at 17). The plea agreement also avoided a superseding indictment charging Tackett under 18 U.S.C. § 924(c) and an enhancement under 21 U.S.C. § 851, both of which would have significantly increased Tackett's potential prison sentence if he were convicted at trial. (ECF No. 70 at 1–2, 71 at 2). The undersigned **FINDS** that, because Tackett is incorrect that Stroebel failed to negotiate and that the agreement conferred no benefits on him, these ineffective assistance claims also fail. Having considered all ineffective assistance claims in his motion, the undersigned **FINDS** that the ineffective assistance claims Tackett raises in his § 2255 motion should be dismissed.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 71), be **GRANTED**, Tackett's § 2255 motion, (ECF No. 61), be **DENIED**, this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**: May 14, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge